# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| TYSHAWN HILL, ) | |
| ) | Case No. 1:17-cv-305 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court are pro se Petitioner Tyshawn Hill's (1) complaint for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 (Doc. 1); (2) motion for leave to proceed *in forma pauperis* (Doc. 3); and (3) "Motion for Judicial Writ" (Doc. 5). Because the claims advanced by Petitioner are more properly asserted in a motion pursuant to 28 U.S.C. § 2255, this case will be **DISMISSED** and Petitioner's two motions will be **DENIED AS MOOT**.

Petitioner was a defendant in a criminal case (*United States v. Hill*, No. 1:05-cr-37)[1] before the Honorable Curtis L. Collier in the United States District Court for the Eastern District of Tennessee. A jury found him guilty of both counts of a two-count indictment charging him with conspiracy to distribute cocaine and possession with intent to distribute cocaine. (Doc. 49.) He was sentenced to two concurrent life sentences. (Doc. 61.) Petitioner's conviction and sentence were affirmed on direct appeal by the Sixth Circuit Court of Appeals. (Doc. 74.) His later motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. 93)

---

[1] The remaining citations in this paragraph refer to documents in the criminal case.

was denied and dismissed with prejudice as time-barred under the one-year limitation period set forth in § 2255(f). (Doc. 102.)

Three weeks after his § 2255 motion was denied, Petitioner filed this action, naming as Respondents the United States Department of Justice ("DOJ"), the Drug Enforcement Agency ("DEA"), DEA Special Agent Josh Melton, Assistant United States Attorney Perry H. Piper, the United States Sentencing Commission, and a John Doe United States Probation Officer, asking for a "determination of whether Respondents fulfill[ed] their statutory obligations under public policy." (Doc. 1, at 1.)

Petitioner's complaint asserts four "counts" that attack the validity of his underlying conviction and sentence. Count One, labeled "defamation," asserts that the criminal complaint against him contained false statements. (*Id.* at 5–7.) Count Two alleges prosecutorial misconduct relating to matters occurring before the grand jury and at sentencing. (*Id*. at 7–9.) Count Three alleges that the indictment was unconstitutionally vague. (*Id*. at 9–11.) Finally, Count Four challenges the validity of Petitioner's sentence. (*Id*. at 11–14.) Petitioner requests declaratory and injunctive relief. (*Id*. at 14–18.)

Based on the substance of the allegations set forth in the complaint, it is clear that a § 2255 motion, not a declaratory judgment action, is the proper vehicle for the challenges Petitioner seeks to raise in his motion. Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Here, all of Petitioner's claims attack his conviction and the imposition of his sentence and should therefore be brought under § 2255. *See, e.g.*, *King v. Thoms*, 54 F. App'x 435, 437 (6th Cir. 2002) (stating that if a prisoner "wishes to challenge the imposition of his sentence, he must file a § 2255 motion to vacate the sentence"); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (if a state prisoner challenges the fact and duration of his confinement, his sole remedy is by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254).

Moreover, it is well established in this circuit that a declaratory action cannot be used as a substitute for the statutory habeas corpus procedure. *Hall v. Bradley*, No. 94-5245, 1994 WL 443234 at * 1 (6th Cir. 1994) (citing *Braden v. 30th Judicial Circuit Court*, 454 F.2d 145, 148 n.1 (6th Cir. 1972), *rev'd on other grounds* 410 U.S. 484 (1973)); *see also Ruip v. Commonwealth of Kentucky*, 400 F.2d 871, 872 (6th Cir. 1968) (holding that declaratory judgment proceeding cannot be used as substitute for appeal, habeas corpus, or coram nobis and could not be used by federal prisoner to attack state indictment); *Scruggs v. Henderson*, 380 F.2d 981, 982 (6th Cir. 1967) (holding that declaratory judgment may not be used as substitute for habeas corpus).

Because Petitioner's complaint in essence seeks to challenge the fact and duration of his confinement under a federal sentence, a § 2255 motion is the proper and exclusive vehicle for consideration of Petitioner's claims. Accordingly, Petitioner's claims will be **DISMISSED**.[2]

---

[2] Although the Court under certain circumstances may recharacterize an improperly filed motion as a § 2255 motion, *see, e.g.*, *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) ("If, in substance, a claim falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner."), the Court declines to do so in this case. Generally, a prisoner's pro se action for declaratory judgment should not be construed by a federal district court as a petition for writ of habeas corpus. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Weaver v. Heyns*, No. 1:14–cv–776, 2014 WL 4956577 (W.D. Mich. Oct. 2, 2014). The reasons for not doing so include differing defendants, differing standards of review, and differing

For the foregoing reasons, Defendant's claims are **DISMISSED WITH PREJUDICE**. Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 3) and "motion for judicial writ" (Doc. 5) are hereby **DENIED AS MOOT**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

fee requirements, as well as certain procedural pitfalls that arise under the Antiterrorism and Effective Death Penalty Act (AEDPA). *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). Here, Petitioner's declaratory judgment action lists multiple Respondents, none of whom are proper defendants in a § 2255 action. Moreover, because Petitioner has already sought relief under § 2255, he will need to seek authorization from the Sixth Circuit Court of Appeals to file a second or successive § 2255 motion. 28 U.S.C. § 2255(h); *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017).